United States District Court
Southern District of Texas
**ENTERED**
January 18, 2022
Nathan Ochsner, Clerk

pUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE MARTINEZ RAMIREZ, | § | CIVIL ACTION NO. 7:20-CV-324 |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | |
| BOBBY LUMPKIN, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Jose Martinez Ramirez, a state prisoner proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 2.)  In 2017, Petitioner was convicted of assault of a family or household member by impeding their breath or circulation and was sentenced to five years confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ).  In seeking federal habeas corpus relief, Petitioner does not challenge his conviction or sentence, but rather his claim addresses the decision by the Texas Board of Pardons and Paroles to deny his release to discretionary mandatory supervision.

Respondent has moved for summary judgment, arguing that Petitioner's claim should be dismissed because it is without merit.  (Docket No. 7.)

After carefully considering the pleadings in this case, the record, and the applicable law, the undersigned concludes that the § 2254 petition should be denied.  As explained further below, Petitioner's due process rights were not violated and his claim should be dismissed as meritless.  Accordingly, it is recommended that Respondent's motion for summary judgment be granted and that this action be dismissed.

# I.  BACKGROUND

In 2017, a grand jury in Cameron County, Texas, returned a two-count indictment against Petitioner in Cause No. 2017-DCR-434 charging him with (1) sexual assault; and (2) assault of a family or household member by impeding breath or circulation.  (Docket No. 8-2, at 4–5.)  After pleading guilty to Count Two pursuant to a plea agreement, Petitioner was sentenced to a five-year prison term.  (*See id.* at 8–9, 13.)

On October 11, 2019, Petitioner was given notice that he would be considered for release to discretionary mandatory supervision (also referred to as "DMS") in February of 2020.  (Docket No. 7-1, at 3).  He was provided with the opportunity to submit any additional information he wanted to the Texas Board of Pardons and Paroles (the Board) to consider when making its decision.  (*Id.*)  The Board subsequently denied Petitioner's release to DMS and provided the following reasons as to why release to DMS was denied:

1D.    The record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release.

2D.    The record indicates that the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety or property of others, such that the offender poses a continuing threat to public safety.

9D1.   The record indicates that the offender's accrued good conduct time is not an accurate reflection of the offender's potential for rehabilitation.

9D2.   The record indicates that the offender's release would endanger the public.

(*Id.* at 2; *see also Parole / Mandatory Supervision Info.*, Tex. Bd. of Pardons & Paroles, https://www.tdcj.texas.gov/bpp/what_is_parole/reasons.htm (last visited Jan. 11, 2022)).

On March 9, 2020,[1] Petitioner filed a state application for writ of habeas corpus challenging the Board's decision denying release to DMS on due process grounds.[2]  (*See* Docket No. 8-2, at 29–51.)  On July 1, 2020, the Texas Court of Criminal Appeals denied Petitioner's state habeas application without written order.  (Docket No. 8-1.)

In October 2020, the Clerk docketed Petitioner's instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board's decision denying release to discretionary mandatory supervision.  (*See* Docket No. 2.)  The entirety of Petitioner's argument contained in his § 2254 petition is as follows: "San Antonio Texas Parole Panel illegally violated my rights to due process when denying my 2-1-2020 release to mandatory supervision without affording me the right to be heard by my lead voters and without proving the two statutory findings required in Government Code 508.149(b)."  (Docket No. 2, at 6.)

Respondent has filed a motion for summary judgment, arguing that Petitioner's claim should be dismissed because it lacks merit.  (Docket No. 7.)  Petitioner has not filed a response.

## II.  <u>STANDARD OF REVIEW</u>

### A.  *Pro Se* Pleadings

*Pro se* pleadings are held to less stringent standards than those drafted by attorneys and are entitled to liberal constructions.  *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (citing *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even under a liberal construction, however, "[p]ro se litigants must properly plead

---

[1] Petitioner signed the writ on March 9, 2020, which is the earliest possible date that it could be considered filed.  (*See* Docket No. 8-2, at 44.)

[2] In his state application, Petitioner also challenged his underlying assault conviction, arguing that his trial attorney provided ineffective assistance, there was prosecutorial misconduct, and that his guilty plea was involuntary.  (*See id.* at 34–41.)

sufficient facts that, when liberally construed, state a plausible claim to relief . . . ." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

**B.    AEDPA Standard of Review**

Federal law authorizes a court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal habeas proceedings must honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence."  *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983), *overruled in part on other grounds*, *Lindh v. Murphy*, 521 U.S. 320 (1997).

Since 1996, federal courts have given effect to the traditional limits on habeas corpus review through the deferential standard mandated by the Antiterrorism and Effective Death Penalty Act (the AEDPA), which "embodies the principles of federalism, comity, and finality of judgments."  *Evans v. Cockrell*, 285 F.3d 370, 374 (5th Cir. 2002) (citation omitted).  The AEDPA "substantially restricts the scope of federal review of state criminal court proceedings."  *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000) (citation omitted).  "[Section] 2254(d)'s 'highly deferential standard for evaluating state-court rulings' . . . demands that state court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)).

Under the AEDPA, a federal court cannot grant habeas relief on issues adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Early v. Packer*, 537

U.S. 3, 7–8 (2002) (quoting 28 U.S.C. § 2254(d)); *Cobb v. Thaler*, 682 F.3d 364, 372–73 (5th Cir. 2012) (same).

### III. <u>ANALYSIS</u>

Petitioner claims that the Board's decision denying him release to discretionary mandatory supervision violated his Due Process rights under the Fourteenth Amendment.

In Texas, there are two ways in which an inmate becomes eligible for early release from prison: the first is by "parole" and the second is by "mandatory supervised release." *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007). "Parole . . . is 'the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division.'" *Id.* (quoting Tex. Gov't Code § 508.001(6)). Because parole is entirely discretionary, there is no liberty interest in parole that is protected by the Due Process Clause. *See id.*; *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995).

Mandatory supervision, on the other hand, is "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(5). In contrast to parole, an inmate's release to mandatory supervision is required when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Tex. Gov't Code § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). An inmate may not be released to mandatory supervision, however, if he has been convicted of certain crimes listed in Texas Government Code § 508.149(a)—which are not relevant here—or if the parole panel determines that (1) the inmate's

accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public. *See* Tex. Gov't Code § 508.149.

Both the Fifth Circuit and Texas courts have held that the mandatory supervision scheme creates a protected liberty interest entitled to minimum due process protection. *See, e.g.*, *Teague*, 482 F.3d at 776; *Ex parte Geiken*, 28 S.W.3d 553, 557–58 (Tex. Crim. App. 2000). In this context, constitutional due process requires that an eligible inmate be provided "notice and a meaningful opportunity to be heard." *Ex parte Geiken*, 28 S.W.3d at 560 (citing *LaChance v. Erickson*, 522 U.S. 262, 266 (1998)). In the normal case, an inmate must be given notice of the month and year in which he will be reviewed for release on mandatory supervision at least thirty days before the review takes place. *Ex parte Retzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). If release is denied, "the inmate must be informed in what respects he falls short of qualifying for early release." *Ex parte Geiken*, 28 S.W.3d at 560 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)). Due process, however, does not require a live hearing before the Board, nor does it "require that the Board provide the particulars in the inmate's file upon which it rested the decision to deny release." *Id.* (citations omitted).

Here, Petitioner does not deny that he received notice, a meaningful opportunity to be heard prior to the Board's decision, or that he was informed of the reasons of the Board's denial to DMS. In fact, the record reflects that Petitioner was informed of his next review date well in advance of thirty days before the review occurred and was provided an opportunity to submit any information he wanted the Board to consider when making its decision. (Docket No. 7-1, at 3.) The Board also provided its reasons as to why Petitioner did not qualify for release. (*Id.* at 2.) Contrary to Petitioner's argument, there is no right to a live hearing before the Board or for the Board to "prove" the reasoning behind the denial of release to DMS. *See Greenholtz*, 442 U.S. at 15 (finding

that due process does not require that the parole board provide the particulars in the inmate's file upon which it rested the decision to deny release); *Boss v. Quarterman*, 552 F.3d 425, 426, 429 (5th Cir. 2008) (holding inmate received due process when the Board's decision denying release to DMS listed statutory reasons for the denial but did not offer any evidence from the record to support its findings); *Ramirez v. Stephens*, No. V-15-47, 2015 WL 9303122, at *2–3 (S.D. Tex. Dec. 22, 2015) (rejecting petitioner's argument that the Board's failure to make "specific findings" when denying release to DMS violated due process); *Hogan v. Davis*, No.A-16-CA-421-RP, 2016 WL 4398543, at *4 (W.D. Tex. Aug. 17, 2016) (explaining that the Board is not required to produce evidence in support of its decision denying release to DMS) (citing *Boss*, 552 F.3d at 428–29), *report and recommendation adopted*, No. 1:16-CV-421-RP, 2017 WL 401277 (W.D. Tex. Jan. 30, 2017); *Ex parte Geiken*, 28 S.W.3d 553 at 560 (finding that due process does not include the right to a live hearing).

In sum, Petitioner's due process rights were not violated in the Board's denial of his release to DMS.  Petitioner has failed to show that the state courts' rejection of his claims is contrary to, or an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d). Petitioner's claim challenging the denial of release to DMS should thus be dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 7) be GRANTED, that Petitioner's § 2254 habeas petition (Docket No. 2) be DENIED, and that this action be DISMISSED.  For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of § 2255 proceedings). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claim should be dismissed on its merits. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that Petitioner's claim lacks merit, nor is the claim adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a COA.

## <u>NOTICE TO THE PARTIES</u>

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE, 18th of January, 2022 at McAllen, Texas.

NADIA S. MEDRANO
United States Magistrate Judge